# BROWNE *v.* DYSON.

PATENTS; INTERFERENCE; APPEAL AND ERROR; NEW TRIAL; RES JUDICATA.

1. In an interference between several parties, the right to a patent is a species of property the title to which is claimed exclusively by each of the parties as against all of the others; and an award of priority to one is a final judgment in his favor as against them. From that decision each of the unsuccessful parties may appeal.

2. On a motion to dismiss an appeal in an interference case, the power of the Commissioner of Patents to grant new trials or vacate final judgments after the time for rehearing provided for in the rules of the Patent Office shall have expired, not being involved, was assumed to exist.

3. Ordinarily, an order by a trial court granting a new trial or a rehearing as to part of the issues, or as to some of the parties, has the effect to reopen the entire case to a new trial as to all of the issues and all of the parties. But it may be that the order for a new trial may be limited in its effect, where some of the issues are so distinct from the others that they may be retried separately without complication, or where the rights of the parties are so separate and distinct that the issues between them may be retried without affecting the rights of another party.

4. Where, after a decision by the Commissioner of Patents in an interference case between Land, Browne, and Dyson, awarding priority to Dyson, and after the time for appeal therefrom had expired, the Commissioner, on the petition of Land and Dyson, reopened the interference, and upon Dyson's conceding the priority of Land, awarded priority to Land over the opposition of Browne, who thereupon appealed to this court; it was *held,* denying a motion by Dyson to dismiss the appeal, that the effect of the last decision was to set aside the first, and to award priority to Land over Browne as well as Dyson, and that it was therefore a final decision adjudicating the rights of all of the parties, from which Browne had the right of appeal.

No. 752. Patent Appeals. Submitted November 20, 1911. Decided December 7, 1911.

HEARING on a motion to dismiss an appeal in a patent inter-
ference case.                                   *Denied.*

*Mr. Curtis B. Camp* for the petition.

*Messrs. Charles Neave* and *Reeve Lewis* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

This is an appeal from the decision of the Commissioner of
Patents in an interference case. The appellees, Alfred H. Dy-
son and Edmund Land, have moved to dismiss the appeal.

The history of the proceedings, so far as important in the
consideration of the motion, is as follows:

Four several parties filed applications for patents for a tele-
phone system, in the following order of time: Sidney Hand
Browne, August 29, 1904; Francis W. Dunbar, November 12,
1904; Edmund Land, January 30, 1905; Alfred H. Dyson,
December 20, 1905.

On July 25, 1905, interference was declared between Land,
Dunbar, and Browne on thirteen counts, and was redeclared on
four counts September 12, 1905. In September and October,
1905, the said parties filed their respective preliminary state-
ments, Land subsequently amending his.

January 9, 1906, Dyson was made a party. Testimony was
taken between March and December, 1906. November 28,
1906, Land moved for leave to amend his statement. This was
denied by the Examiner of Interferences, whose decision was
affirmed on direct appeal by Land to the Commissioner.

February 15, 1908, the case was heard by the Examiner of
Interferences, who again denied Land leave to amend, and
awarded priority to Browne. Land, Dunbar, and Dyson ap-
pealed to the Examiners in Chief, who, on January 17, 1910,
reversed the decision below, and awarded priority to Dyson.
Land and Browne appealed to the Commissioner. Dunbar took
no appeal. October 8, 1910, the Commissioner affirmed the de-

cision in favor of Dyson. Although Land had introduced testimony tending to show an earlier date of conception than that alleged in his preliminary statement, he was limited to that date, his motion to amend, by setting up an earlier date, having been denied.

Land gave notice of appeal from this decision, but withdrew the notice and abandoned the appeal. Browne took no appeal. The time for taking an appeal having expired, Dyson's application was ordered remanded to the primary Examiner for further *ex parte* consideration.

In accordance with the practice of the Office, the printed records and exhibits of the unsuccessful parties were returned to them. Land and Dyson before their applications were filed had assigned their inventions to the Kellogg Switchboard and Supply Company, of Chicago. Dunbar seems also to have assigned to the same assignee.

On February 23, 1911, Dyson and Land filed a joint petition to the Commissioner. In this they represented that the Commissioner had awarded priority to Dyson over Browne because the latter had been wanting in diligence, even though his conception be assumed to be prior to Dyson's; that Land could not prevail because limited by his statement to a date later than that awarded to Dyson; that Browne took no appeal from that decision; that an appeal was noted by Land in order to protect the interest of his assignee in the event that Browne should appeal, but the same was abandoned when Browne failed to appeal; that the evidence of Land tending to show an earlier conception than that of either Browne or Dyson had not been considered; that believing that Land had conceived and reduced to practice before Browne or Dyson, the accompanying concession of priority is submitted "in order that the way may be clear to award priority of invention to Land over Dyson, Dyson having been awarded priority to Browne." They prayed that the interference be reopened, and that the decision of October 8, 1910, be set aside and modified to the extent of setting aside the award of priority to Dyson as against Land, and awarding priority to Land. The concession of priority is in

the following words: "I, Alfred H. Dyson, a party to the above-entitled interference, hereby concede priority of the invention involved in said interference to the party Land."

Notice was given by the Commissioner to Land and Browne of the petition and of the date set for hearing thereof, namely, March 24, 1911. Browne appeared and opposed the petition. July 24, 1911, the Commissioner granted the petition, and vacated the former decision "in so far as it relates to priority between Dyson and Land, and in view of the concession of priority accompanying this petition, it is adjudged that Land is the prior inventor." Within the time prescribed by the rules, Browne gave notice of appeal to the court of appeals, and in due time perfected the same by filing his transcript.

The motion to dismiss sets out the following grounds:

"(1). The merits of the case, so far as the party Browne is concerned, were finally determined by a decision rendered October 8, 1910, from which no appeal was taken. Browne is therefore too late to reopen the merits of the case.

"(2). The party Browne is not a party aggrieved within the meaning of the statute, but is a stranger to the proceedings that resulted in the decision of July 24, 1911, appealed from.

"(3). The appeal raises a moot question so far as the party Browne is concerned, because in no event could a patent issue to him due to the decision of October 8, 1910.

"(4). The decision appealed from resulted from the recognition of a concession of priority from Dyson to Land in the exercise of the supervisory authority of the Commissioner, and is not an appealable order."

Where an interference has been declared between more than two separate applicants for a patent, it is the practice of the Patent Office to include them all in one proceeding, hear them together, and in one final decision award priority to the one found to be entitled thereto. The right to the patent is a species of property the title to which is claimed exclusively by each party as against all of the others, and the award of priority to one is a final judgment in his favor as against them.

From that decision, each of the unsuccessful parties may appeal, if so advised.

The decision in this case awarding priority to Dyson on October 8, 1910, was such a final decision. Browne and Land having failed to appeal, the patent would, in due course, have issued to Dyson. But instead of permitting that judgment to stand and be executed, Dyson, the successful party, joined in a petition with Land to have it vacated, in so far as it awarded priority to Dyson as against Land, and to have priority adjudged to Land on Dyson's concession. There is no rule of the Patent Office providing for petitions for new trial or review, but the power to entertain such petitions and reopen the case has been exercised in the Office in two former instances. *Couper and Somers* v. *Bannister*, 1904 C. D. 424; s. c. 112, Off. Gaz. 1480; *Griffiths* v. *Taylor*, 91 M. S. A. D. 1908. In both cases there were but two opposing parties. The action taken in the present case is without precedent. The power of the Commissioner to grant new trials or to vacate final judgments after the time for rehearing provided for in the rules shall have expired is not involved on this motion, and it will be assumed to exist.

Taking for granted the power to grant a new trial or rehearing upon petition with all of the parties before the tribunal, the question is as to the effect of the decision rendered, vacating so much of the decision as awarded priority to Dyson, and upon his concession awarding it to Land. Ordinarily, an order by a trial court granting a new trial or rehearing as to part of the issues, or as to some of the parties, has the effect to reopen the entire case to new trial as to all of the issues and all of the parties. It may well be, however, that where some of the issues are so distinct from the others that they may be retried separately without complication; or where the rights and interests of the parties are so separate and distinct that issues as between them may be separately retried without in any manner affecting the rights or interests of another party, the order for new trial can be limited in its effect. Without so deciding, we may assume that the order granting the new trial may be limit-

ed in its effect in the exceptional cases mentioned. In our opinion, the present case does not come within the exception. The original decision was that Dyson was entitled to priority over both Browne and Land. Whether Land was prior to Browne, or Browne to Land, was an issue that it was wholly unnecessary to decide when Dyson was found to be prior to both, and it was not decided. Browne was content to abide by that decision and did not appeal. It was asserted on the argument that Browne did not appeal because he was satisfied that Land, whose testimony had been excluded because unwarranted by his pleadings, was in fact the prior inventor, and that in an infringement suit by Dyson, proof of that fact would invalidate his patent. And it was the fear of such a result that prompted the assignee of Dyson and Land to concede priority to Land, and move to vacate the judgment in favor of Dyson as against Land, and award the patent to the latter.

The motive of Browne is immaterial. While Dyson may have had a perfect right to concede Land's priority over himself, he could not establish his priority over Browne by such concession. The issue of priority as between Browne and Land had not been decided.

The effect of the last decision is to be determined by its necessary result,—its substance rather than its form. This result is the same as if the former decision had been set aside in its entirety, and a new decision rendered awarding priority to Land over Browne as well.as Dyson. It became, therefore, the final decision in the case, adjudicating the rights of all the parties, from which Browne had the right to appeal. His appeal having been perfected, therefore, within the time prescribed by the rules, he has the right to have it considered upon its merits.

The motion to dismiss must be denied, and it is so ordered.

*Denied.*